

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FRANK H. EATON, SR.,                 )
                                     )
    Plaintiff,                   )
                                     )
vs.                                  )
                                     )          7:15-cv-01204-LSC
UNUM GROUP, et al.,                  )
                                     )
    Defendants.                  )
                                     )
                                     )

## Memorandum of Opinion

Plaintiff Frank Eaton, Sr. ("Eaton") filed this action against Unum Group and its two subsidiaries, Provident Life & Accident Insurance Company ("Provident") and Unum Life Insurance Company of America ("Unum Life"), (collectively "Defendants") alleging breach of contract, breach of covenant of good faith and fair dealing, negligent misrepresentation, unjust enrichment, fraudulent inducement, fraud, conspiracy to defraud, and civil conspiracy. Before the Court is Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss all counts in Eaton's complaint. (Doc. 2.) The issues here have been fully briefed by the parties and are ripe for review. For the reasons stated below, Defendants' motion to dismiss (Doc. 2) is granted in part and denied in part.

## I. BACKGROUND[1]

Eaton filed this action against Defendants alleging breach of contract, breach of the covenant of good faith and fair dealing, negligent misrepresentation, unjust enrichment, fraudulent inducement, fraud, conspiracy to defraud, and civil conspiracy. Eaton's claims arose from the negotiation and performance, or lack thereof, of a settlement agreement ("Agreement") entered into between Eaton and "Provident Life and Accident Insurance Company, and its . . . affiliates, subsidiaries, [and] parent companies" to resolve disability claims—unrelated to the current action—that Eaton had asserted against Provident.

Eaton's complaint alleges that during settlement negotiations, Provident indicated that it had received a notice of levy from the IRS for any disability claims payable to Eaton. However, Eaton contends that Defendants had determined before settlement negotiations began that the IRS levy did not apply to Provident's payments and instead was binding only on Provident's sister company, Unum Life.

Based on Provident's assertion that the IRS levy applied to the settlement funds, Eaton entered into the Agreement, which sets out Provident's payment obligations in the following terms:

---

[1] For purposes of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court treats the facts alleged in the complaint as true and construes them in the light most favorable to Eaton. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012).

"Provident Life agrees to pay the total sum of One Hundred Eight Thousand Dollars ($108,000.00 – U.S. Dollars) (the "Payment"), which will be paid promptly upon the receipt by Provident Life of direction from the IRS that the money can be paid to Eaton's counsel's client trust account; that a portion of the money can be paid to the IRS and a portion be paid to plaintiff's counsel's client trust account; or Provident Life receives direction from Eaton and plaintiff's counsel that the money should be paid to the IRS."

(Doc. 1-1 at 24.) Eaton alleges that the Agreement also contained an implied covenant of good faith and fair dealing prohibiting each party from acting unreasonably or wrongfully in performing the Agreement's terms.

After Eaton and Provident finalized the Agreement, Eaton contacted the IRS for direction regarding the levy, and the IRS informed Eaton that it had no record of serving Provident with a notice of levy. Provident and Eaton communicated with each other, and each communicated separately with the IRS, regarding the existence and applicability of an IRS levy; however, Eaton and Provident were still unable to agree about to whom payment of the settlement money should be paid.

The complaint further avers that Eaton "faithfully performed each and every term and condition of the Agreement on his part to be performed," (Doc. 1-1 at 9)

but that "Provident has failed to and or refused to submit payment due under the Agreement even after receiving instructions in IRS letter dated June 6, 2012." (Doc. 1-1 at 14.) Eaton contends that Defendants' failure to pay the settlement funds and their wrongful deprivation of those funds constitute both a breach of contract and a breach of the covenant of good faith and fair dealing. Alternatively, Eaton contends that Defendants have been unjustly enriched by improperly withholding money owed to him. Further, Eaton alleges that Provident negligently misrepresented that it received an IRS levy regarding the settlement funds. Finally, Eaton claims that Defendants engaged in fraudulent inducement, fraud, civil conspiracy, and conspiracy to defraud both during settlement negotiations and by failing to pay the settlement funds.

## II.   STANDARD OF REVIEW

Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

true, to state a claim for relief that is plausible on its face." *Id.* at 678. When a complaint is filed with attachments, "these exhibits are part of the pleading 'for all purposes,'" including for purposes of a Fed. R. Civ. P. 12(b)(6) motion. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) (quoting Fed. R. Civ. P. 10(c)).

*Iqbal* establishes a two-step process for evaluating a complaint. First, the Court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Factual allegations in a complaint need not be detailed, but they "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. DISCUSSION

### A.    Breach of Contract

Defendants contend that Eaton has failed to plead facts stating a claim for breach of the Agreement. Specifically, Defendants argue both that Unum Group and Unum Life cannot be held liable for breach of the Agreement because they were not parties to the Agreement, and that Eaton has failed to plead sufficient

facts showing his performance of the terms of the Agreement. "The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (quoting *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002)).

Defendants believe Eaton's complaint fails to state a claim against Unum Group and Unum Life for breach of contract.  Eaton's complaint does not state that Unum Group and Unum Life were parties to the Agreement. However, the Agreement itself, attached as an exhibit to the complaint and thus treated as part of the complaint for purposes of this motion to dismiss, states that Eaton entered into the Agreement with Provident "and its . . . affiliates, subsidiaries, [and] parent companies," which would include Unum Group and Unum Life. (Doc. 1-1 at 22.)

To the extent that the Agreement's reference to Provident's affiliates, subsidiaries, and parent companies implicates Unum Group and Unum Life as parties to the Agreement, Eaton's complaint fails to allege Unum Group and Unum Life's nonperformance under the contract's payment provision. Eaton's breach of contract claim focuses on Provident's failure to tender payment under the Agreement. The Agreement obligates only Provident to tender payment of the

settlement funds, and Unum Group and Unum Life have no contractual obligations regarding the settlement funds. Because of the absence of alleged facts showing Unum Group and Unum Life's nonperformance under the Agreement, Eaton's complaint fails to plausibly state a claim for breach of contract against Unum Group and Unum Life. Thus, the breach of contract claim against Unum Group and Unum Life for failure to pay the settlement funds is due to be dismissed.

Defendants further contend that Eaton has failed to plead facts sufficient to show his own performance under the Agreement. The Agreement conditions Provident's obligation to tender payment upon Provident's receipt of either (1) "direction from the IRS that the money can be paid to Eaton," (2) direction from the IRS "that a portion of the money can be paid to the IRS and a portion be paid to [Eaton]," or (3) direction from Eaton "that the money should be paid to the IRS." (Doc. 1-1 at 24.)

Eaton's complaint avers that he "faithfully performed each and every term and condition of the Agreement on his part to be performed." (Doc. 1-1 at 9.) The complaint further states that payment was requested and that "Provident has failed to and or refused to submit payment due under the Agreement even after receiving instructions in IRS letter dated June 6, 2012." (Doc. 1-1 at 14.) Although the complaint's allegations are unclear as to how Eaton exactly performed, specific and

particularized facts showing performance are not required under the pleading rules. Instead, "in pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Eaton's allegations that he performed under the Agreement are sufficient to state a plausible claim for breach of contract, and Defendants' motion to dismiss Eaton's breach of contract claim against Provident is due to be denied.

### B.    Breach of Covenant of Good Faith and Fair Dealing

Defendants also contend that Eaton's claim for breach of the covenant of good faith and fair dealing, as both a tort claim and a contract claim, should be dismissed. Eaton agrees that this claim as a tort claim should be dismissed, but he believes that he still has a viable contract claim for breach of good faith and fair dealing. (Doc. 6 at 2.)

The Alabama Supreme Court has "not recognize[d] a bad faith claim under contract law absent a breach of a specific term of the contract." *Lake Martin/Ala. Power Licensee Ass'n, Inc. v. Ala. Power Co., Inc.*, 601 So. 2d 942, 944 (Ala. 1992). Further, "a breach of [an] implied promise [not to hinder performance of the contract's terms by the other party] may be construed as an actual breach of the contract, thereby giving the other party a cause of action on the contract." *Eager*

*Beaver Buick, Inc. v. Burt*, 503 So. 2d 819, 822 (Ala. 1987), *overruled on other grounds*, *Elmore Cty. Comm'n v. Ragona*, 540 So. 2d 720 (Ala. 1989).

To the extent that Eaton has plead a claim for breach of implied promise to act in good faith under the Agreement, his claim is a contract claim for breach of an implied promise not to hinder performance and withhold benefits due under the agreement. Eaton has adequately pled a breach of contract claim against Defendants, as the complaint alleges that the agreement was between Defendants and himself and that Defendants were obligated through an implied promise to act in good faith and failed to do so by intentionally frustrating his right to the settlement payments. Thus, Eaton's claim for breach of the implied promise to act in good faith, as a breach of an implied term in the contract, meets the pleading standards of Fed. R. Civ. P. 8(a)(2).

### C.    Negligent Misrepresentation, Fraudulent Inducement, & Fraud

Defendants further contend that Eaton's claims for negligent misrepresentation, fraudulent inducement, and fraud are barred by Alabama's two-year statute of limitations. "A Rule 12(b)(6) dismissal 'on statute of limitations grounds is appropriate only if it is "apparent from the face of the complaint" that the claim is time-barred.'" *Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc.*, 522 F.3d 1190, 1194 (11th

Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005)).

"In Alabama, any fraud claim must be brought within two years of the accrual of the claim." *Auto-Owners Ins. Co. v. Abston*, 822 So. 2d 1187, 1194 (Ala. 2001) (citing Ala. Code § 6-2-38(*l*)). However, "the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud." Ala. Code § 6-2-3.  More specifically, "the limitations period begins to run when the plaintiff [becomes] privy to facts which would 'provoke inquiry in the mind of a [person] of reasonable prudence, and which, if followed up, would have led to the discovery of the fraud.'" *Abston*, 822 So. 2d at 1195 (second alteration in original) (quoting *Willcutt v. Union Oil Co.*, 432 So. 2d 1217, 1219 (Ala. 1983)).

Because the date of when the limitations began to run—the date that Eaton became privy to facts that would indicate to a reasonable person that inquiry was warranted—cannot be determined from the face of Eaton's complaint, dismissal of the fraud claims based on the statute of limitations is inappropriate at this stage of litigation. Thus, Defendants' motion to dismiss the fraud claims is due to be denied.

### D.     Civil Conspiracy & Conspiracy to Defraud

Defendants further argue that Eaton fails to state a claim both for civil conspiracy because Alabama law does not recognize a claim for conspiracy to breach a contract, and for conspiracy to defraud because the claim is barred by the statute of limitations. (Doc. 2 at 14.) Regardless of whether Alabama law recognizes a claim for conspiracy to breach a contract, Eaton's civil conspiracy claim—Count V of the complaint—alleges civil conspiracy "to commit each of the wrongful and tortious acts" alleged in the complaint, not just conspiracy to breach a contract. (Doc. 1-1 at 19–20.) Thus, Eaton's civil conspiracy claim, which addresses more than simply a conspiracy to breach the Agreement, does not fail: The complaint on its face states a plausible claim for relief.

Turning to the statute of limitations, a claim for civil conspiracy must be brought within two years of its accrual. Ala. Code § 6-2-38(*l*); *see also Boyce v. Cassese*, 941 So. 2d 932, 944 (Ala. 2006) (noting the "two-year statute of limitations applicable to fraud and conspiracy actions"). Dismissal of Eaton's civil conspiracy and conspiracy to defraud claims based on the statute of limitation is inappropriate at this motion to dismiss stage of litigation. Despite Defendants' contention, it is not apparent from the face of Eaton's complaint that the

conspiracy claims are time-barred. Thus, Defendants' motion to dismiss the conspiracy claims is denied.

### E.    Unjust Enrichment

Defendants contend that Eaton's unjust enrichment claim fails under Fed. R. Civ. P. 12(b)(6) for two reasons: First, to the extent that Eaton asserts his unjust enrichment claim arising from breach of contract, the existence of an express contract precludes such quasi-contractual recovery. Second, Defendants argue that, to the extent Eaton asserts an unjust enrichment claim as a tort claim, the two-year statute of limitations bars recovery under unjust enrichment.

"[U]nder Alabama law, claims of both an express and an implied contract on the same subject matter are generally incompatible." *Kennedy v. Polar-BEK & Baker Wildwood P'ship*, 682 So. 2d 443, 447 (Ala. 1996). However, "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Although Eaton alleges that a valid contract exists to support his breach of contract claim, he is not precluded from alternatively alleging a quasi-contractual claim of unjust enrichment. Thus, Defendants' contention that Eaton is barred from bringing a claim for unjust enrichment fails.

Regarding the statute of limitations, "Alabama state courts have not decided whether unjust-enrichment claims are tort claims or implied-contract claims, much

less which statute of limitations applies to such claims." *Snider v. Morgan*, 113 So. 3d 643, 655 (Ala. 2012) (quoting *Auburn Univ. v. Int'l Bus. Machs. Corp.*, 716 F. Supp. 2d 1114, 1117 (M.D. Ala. 2010)). To the extent that unjust enrichment is a tort claim as Defendants contend, a two-year statute of limitations governs that claim. Ala. Code § 6-2-38(*l*) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.").

Despite Defendants' argument to the contrary, it is not apparent on the face of Eaton's complaint that his unjust enrichment claim is time-barred. Thus, dismissal of the unjust enrichment claim based on the statute of limitations is inappropriate at this time.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Eaton's complaint (Doc. 2) is due to be GRANTED in part and DENIED in part. Specifically, the motion to dismiss is due to be granted as to Count I—the breach of contract claim for failure to pay the settlement funds—against Unum Group and Unum Life. The motion to dismiss as to Count I is due to be denied against Provident, and the motion to dismiss Counts II–VIII is due to be denied. A separate order consistent with this opinion will be entered.

**DONE** AND **ORDERED** ON SEPTEMBER 10, 2015.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

182184